Henry B. Wright, J.
Trial was had for violation of subdivision (b) of section 1180 of the Vehicle and Traffic Law of the State of New York, on the evening of March 17,1967. The People’s case was represented by Trooper Hofmann, who was the arresting officer. The sole proof offered by the People was the testimony of the arresting officer, properly qualified, that in his opinion the defendant was proceeding on Route 19 in the Town of Pavilion, at a rate of 75 miles per hour in a 50-miles-per-hour area. An attempt by the arresting officer to have a calibration certificate admitted into evidence was denied because no proper foundation was offered. The officer did not testify as to any speedometer reading. Defendant moved for dismissal on the grounds that proof was insufficient and did not establish defendant’s guilt beyond a reasonable doubt. Decision was reserved.
The question before the court is whether the opinion evidence of the arresting officer as to speed, where he properly qualified himself, is alone sufficient to sustain conviction, with no other or further corroborative evidence?
*978 One of the leading Court of Appeals cases is People v. Heyser (2 N Y 2d 390 [1957]). This is the case that established that the reading of an untested speedometer when accompanied by the opinion evidence of an officer properly qualified as an expert, was sufficient. The exact words of Judge Fboessel are (p. 394): “ On the record presently before us, considering particularly that the patrolman had adequate opportunity for observation and that, out of a long, qualified and tested experience, he estimated that defendant was proceeding, at 20 m. p. h. over the speed limit, or half again as fast as he ivas permitted to by law * * * we are of the opinion that this evidence together with that of the speedometer is sufficient to sustain this conviction.”
The case of People v. Magri (3 N Y 2d 562 [1958]) was the highest court’s decision that the use of radar had become sufficiently established so that it would not be necessary on each trial to require expert testimony as to the nature, function and scientific principles underlying its use. This case is referred to because proper testing of the radar was not established on the records. The court said (p. 567): “ Thus the radar speedometer may in this case be regarded as the untested speedometer in the PLeyser case and, when taken together with the corroborative testimony as to speed given by the two police officers * * * the evidence is sufficient to sustain the conviction.”
This opinion was also by Judge Fboessel, but this time the opinion testimony was given by two officers who properly qualified themselves. The court could have stated that all that was necessary was the opinion evidence as given. Apparently our highest court’s view “ expert opinion ” only as “ corroborative ” (their exact words).
I wish to quote, from the concurring opinion by Judge Van Voobris in People v. Dusing (5 N Y 2d 126 [1959]), the following remarks appearing on page 130: “It is important to public respect for the enforcement of the speed laws that the speed of a motorist shall be checked by speedometer or radar before he can be convicted of speeding. That has been the almost universal custom of Police and Justices’ Courts, and it seems to me that departure from it should not be sanctioned by the Court of Appeals. We should not hold that the speed of an automobile in a prosecution of this nature can be established by the observations of eyewitnesses, no matter how expert they may be, unless the speed is checked by some mechanical or electrical device.”
It is my decision that the mere “ expert ” opinion, not supported by other or further corroborative testimony, is insufficient to sustain a conviction. Defendant’s motion is granted; the charge is dismissed and bail refunded.