Edmund A. McCarthy, J.
This is an appeal from a conviction in the City Court, City of Little Falls (Bernard J. Malone, J.), wherein the defendant was convicted of driving at a speed not reasonable or prudent.
From the City Judge’s return on this appeal, it is plain to be seen that this case was tried on the erroneous theory that it was necessary to have high speed in a prohibited zone in order to sustain a charge of imprudent speed. As a result of that premise the affidavit of errors in three of its four alleged errors devotes itself to the element of speed. The fifth alleged error set out a failure to prove an alleged violation of a subdivision of the Vehicle and Traffic section not alleged in the complaint. From the return it would appear that an effort is being made to create a test case as to the quantity and quality of testimony necessary to establish speed.
The Court of Appeals has spoken quite adequately, if not clearly, on the type of evidence that it would approve in speeding cases, and this court feels that the rulings of the Court of Appeals inferentially stamp at least the type of proof produced in this case as insufficient to sustain the speed element. The important elements of this particular conviction here are found in section 1180 of the Vehicle and Traffic Law as charged in the information.
*322 In People v. Dusing (5 N Y 2d 126, 130), Judge Van Vo ojiéis said, “ We should not hold that the speed of an automobile in a prosecution of this nature [speeding] can be established by the observations of eyewitnesses, no matter how expert they may be, unless the speed is checked by some mechanical or electrical device.” That declaration, although not a part of the prevailing opinion, does fix the quality of the proof required to sustain a charge of speeding, so that this opinion should be considered as a precedent in law as to the proof required, no matter how expert witnesses may be and regardless of the number of witnesses presented. The courts know that the question of integrity is always presented by eyewitness testimony and also there may be no question of integrity in an uncalibrated speedometer. The Court of Appeals has set down that standard in connection with the question of reliability. The complaint in this case was based on speed not reasonable or prudent.
On page 3 of the trial court’s return, it is indicated that the testimony of Officer Buga] showed no pedestrians around the intersection, but a lot of young people going back and forth across the road, but no pedestrians in the roadway. Knowing the location, the trial court was at liberty to determine whether the driving of this defendant’s vehicle was reckless or imprudent in the light of the circumstances.
It is to be noted from the return that all of the evidence in this case was stricken, except the evidence of speed at the intersection of East Main and North William Streets. With the record in this posture, and the evidence of speed made by two expert officers, independent of each other, then no matter how reckless or imprudent the rate of speed might have been, we must come to the conclusion that there was no legal evidence of any speeding at the intersection, and consequently, no basis for a conviction, unless the record contained some descriptive evidence of the imprudent and improper manner in which the defendant is alleged to have operated his vehicle at the intersection of North William and Main Street.
As the return is prepared the alleged imprudent operation is confined to this intersection. Evidence as to East Main Street, Waverly Place and Burrell Street has been stricken which includes Officer Buga] ’s testimony of the speed that the defendant’s car attained on Waverly Place confirmed by a speedometer. Also the admission of the defendant has been stricken. The court ordered stricken all evidence as to speed on East Main and Waverly Place, and Burrell Street and the court very clearly indicates in its return that it bases its findings upon the evidence of speed made by two experienced officers.
*323 This basis is wholly insufficient in the light of the Court of Appeals decision. i
(See, also, People v. Whitney, 53 Misc 2d 977, 978.)
Upon the return as filed it is the determination of this court upon the authority of the Court of Appeals that there is insufficient evidence to sustain conviction for the violation of the Vehicle and Traffic Law by the defendant as charged.
The conviction is, therefore, reversed and the fine paid directed to be remitted to the defendant and if his license has been improperly marked that such marks be deleted.